**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND / ODESSA DIVISION**

| | |
|---|---|
| **ERNESTO EDEL AGUILAR SANDOVAL,** | |
| **Plaintiff,** | **CIVIL ACTION NO. 7:23-cv-167** |
| **v.** | |
| **SERGIO ARIAS, JENNIFER ANCHONDO CHACON, CERVECERIA 19 LLC, & ANGEL ARIAS** | |
| **Defendants.** | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Ernesto Edel Aguilar Sandoval ("Aguilar" or "Plaintiff") files this Original Complaint against Sergio Arias ("Sergio Arias"), Jennifer Anchondo Chacon ("Chacon"), Cerveceria 19 LLC (together with Sergio Arias and Chacon, "Defendants"), and Angel Arias ("Angel Arias"),[1] and would respectfully show the Court as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for trademark infringement, false designation of origin, unfair competition, false advertising, unjust enrichment and conspiracy to hold all defendants accountable for their willful infringement of Plaintiff's trademarks and fraudulent scheme to deceive consumers.

---

[1] Defendant Angel Arias's conduct is distinct from that of the other named Defendants and thus is not included in the aforementioned definition of "Defendants." Where conduct is attributable to Angel Arias, Plaintiff shall expressly state as such.

**PLAINTIFF'S ORIGINAL COMPLAINT**                                    **Page 1 of 27**

2.     Defendants operate a counterfeit version of Plaintiff's successful chain of bar and restaurants—which Plaintiff has operated under the trademark "Cerveceria 19" along with a related family of trademarks (the "Family of Marks" as further identified herein) since 2017.  In order to mislead consumers, Defendants launched their restaurant using Plaintiff's famous Family of Marks.  For example:

| Plaintiff's Marks | Defendants' Infringement |
|---|---|



3.     There can be no doubt that Defendants did so in bad faith and with intent to profit off of the substantial goodwill associated with Plaintiff's famous Family of Marks.  Defendants not only use Plaintiff's <u>exact</u> CERVECERIA 19 Mark—including C19 logos with identical stylization and fonts, signature red branding, and unique tagline "Everything at the same price"—

but they also recreated Plaintiff's distinctive restaurant décor such that online photos from each establishment are virtually indistinguishable.

4.     Defendants also re-posted <u>exact</u> versions of Plaintiff's online advertisements such as food and drink specials—occasionally even neglecting to remove the URL directing customers to *Plaintiff's* website—in order to pass off their infringing restaurant as a new location in Plaintiff's successful chain of restaurants.  For example:

| Plaintiff's Advertisement | Defendants' Re-Post |
|---|---|



5.     Defendants' scheme to use Plaintiff's Family of Marks to impersonate Plaintiff's business and deceive consumers has been so successful that they are expanding their unlawful empire to a second location in Midland and beyond.  Furthermore, this infringing scheme is a family affair. All three individual defendants live at the same address.  On information and belief, Defendant Sergio Arias and Defendant Chacon are married and Defendants Sergio and Angel Arias are brothers.

6.     Plaintiff sent a demand letter on October 10, 2023 to Defendants Sergio Arias and Chacon.  That letter identified various examples of the infringing acts identified in this Complaint.

To date, Defendants have provided no confirmation to Plaintiff that all infringement of Plaintiff's trademarks will immediately cease.

7.      Incredibly, a mere eight days after Plaintiff sent the October 10, 2023 demand letter, defendant Angel Arias filed a federal intent to use trademark application for CERVECERIA 19 for "restaurant services."

8.      Plaintiff seeks injunctive relief, damages, statutory damages, profits, and all other appropriate relief to stop Defendants from infringing Plaintiff's famous trademarks, prevent Defendants from executing on their plans to cause further harm to Plaintiff, and hold Defendants accountable for their unlawful actions. Plaintiff further seeks injunctive relief to prevent defendant Angel Arias from fraudulently registering Plaintiff's trademark.

## PARTIES

9.      Plaintiff Ernesto Edel Aguilar Sandoval is a citizen of Mexico.  Mr. Aguilar owns the Family of Marks and related trademark registrations, both in the United States and in Mexico. Mr. Aguilar is also a member of Alimentos Y Bebidas De El Paso LLC, the Texas limited liability company that operates the Cerveceria 19 El Paso location.

10.     On information and belief, Defendant Sergio Arias is a Texas resident with a personal residence at 2319 Sage Brush Road, Midland, Texas 79705.

11.     On information and belief, Defendant Jennifer Anchondo Chacon is a Texas resident with a personal residence at 2319 Sage Brush Road, Midland, Texas 79705.

12.     On information and belief, defendant Angel Arias (who may be known by the alias "Angel Arias Alvarez") is a Texas resident with a personal residence at 2319 Sage Brush Road, Midland, Texas 79705.

13.     Defendant Cerveceria 19 LLC is a Texas limited liability company with a principal place of business at 1004 South Midkiff Road, Midland, TX 79701.  Defendant Arias is its sole and managing member.  Cerveceria 19 may be served through its registered agent, United States Corporation Agents, Inc. at 9900 Spectrum Drive, Austin, Texas 78717.

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b) because it arises under the Lanham Act, 15 U.S.C. § 1121(a), *et seq*.

15.     This Court has jurisdiction over Plaintiff's claims under the laws of the State of Texas based upon principles of supplemental jurisdiction and in accordance with 28 U.S.C. § 1367(a), in that the state law claims under Texas law are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

16.     This Court has general jurisdiction over each defendant because their contacts with this district are substantial and continuous. This Court also has specific jurisdiction over the defendants because (a) all four defendants purposefully directed their activities to this district, do business in this district, and purposefully availed themselves of the privilege of conducting activities within this district; (b) some of the events which give rise to the claims asserted in this action occurred in this district and the effects of defendants' tortious conduct were felt in this district; and (c) the exercise of jurisdiction comports with fair play and substantial justice.

17.     Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that the individual defendants reside in this district and the entity defendant has its principal places of business in this district, and 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL ALLEGATIONS

**A.      Plaintiff's Successful Chain of CERVECERIA 19 Bar and Restaurants.**

18.      In 2017, Plaintiff opened his first "Cerveceria 19" bar and restaurant in Chihuahua, Mexico.  The CERVECERIA 19 brand quickly became known for quality food and drinks, an enjoyable atmosphere, and affordable prices with a menu offering "Everything at the Same Price."

19.      Capitalizing on the success of the first location, Plaintiff was able to rapidly expand his business.  Plaintiff now owns **ten** CERVECERIA 19 locations throughout Mexico—including three locations in Juarez.  All three Juarez locations are less than 10 miles from El Paso and have enjoyed a significant number of customers from the United States.  In 2022, Plaintiff sought to further expand his business by opening a U.S.-based CERVECERIA 19 location in El Paso. Because of all the pre-existing popularity and goodwill in the area, that location, too, quickly became popular. Plaintiff plans to open a CERVECERIA 19 location in Midland in the near future.

20.      As a result of Plaintiff's substantial investment and efforts, the Family of Marks have become widely known and famous throughout Mexico and West Texas and represent substantial, valuable goodwill.  Plaintiff plans to continue to expand his business throughout Texas and beyond.

**B.      Plaintiff's CERVECERIA 19 Family of Marks.**

21.      Since Plaintiff opened the first CERVECERIA 19 bar and restaurant in 2017, he has consistently used the Family of Marks to advertise his services and identify his business.

22.      Between 2022 and 2023, Plaintiff applied for and registered four of the Family of Marks with the United States Patent & Trademark Office ("USPTO"), some based on priority of earlier filed Mexican trademarks:

| C19 and Design | CERVECERÍA 19 (Stylized) |
|---|---|
|  |  |
| U.S. Registration No. 7017458 ("C19 Mark") | U.S. Registration No. 7192905 ("CERVECERIA 19 Mark") |
| **CERVECERÍA DIECINUEVE 19 CUU MÉX FUND. 2017 and Design** | **CERVECERÍA DIECINUEVE 19 CUU MÉX FUND. 2017 and Design** |
|  |  |
| U.S. Registration No. 7057212 ("Cerveceria Diecinueve Color Mark") | U.S. Registration No. 7018725 ("Cerveceria Diecinueve Grayscale Mark") |

23.     Plaintiff is the owner of the following U.S. federal registrations that are valid and subsisting: U.S. Registration No. 7192905 for the CERVECERIA 19 Mark for "restaurant and bar services" in Class 43 (attached as Exhibit 1); U.S. Registration No. 7017458 for the C19 Mark for "restaurant and bar services" in Class 43 (attached as Exhibit 2); U.S. Registration No. 7057212 for the Cerveceria Diecinueve Color Mark for "restaurant and bar services" in Class 43 (attached as Exhibit 3); and U.S. Registration No. 7018725 for the Cerveceria Diecinueve Grayscale Mark for "on-line journals, namely, blogs featuring information about restaurant and bar services, food, and beer" in Class 41 (attached as Exhibit 4) (together, the "Registered Marks").

24.     Plaintiff has also consistently used the Marks EVERYTHING AT THE SAME PRICE and the Spanish-translated TODO A UN MISMO PRECIO (together with the Registered Marks, the "Family of Marks") to identify Plaintiff's unique menu pricing scheme.

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                    **Page 7 of 27**

25.     Plaintiff has continuously used the Family of Marks in commerce throughout Mexico since 2017 and in West Texas since 2022 in connection with his bar and restaurants. Plaintiff uses the Family of Marks to identify his business on signage, menus, flyers, the internet, social media, advertisements, promotional items and elsewhere.   In particular, Plaintiff has maintained a Facebook page under the name "Cerveceria 19" since August 2017, a website at www.cerveceria19.com since December 2018, and an Instagram account for his business, @cerveceriadiecinueve, since February 2019.

26.     As a result of Plaintiff's widespread, continuous, and exclusive use of the Family of Marks to identify Plaintiff's services and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common law rights to the Family of Marks.

27.     Each of Plaintiff's marks is distinctive to both the consuming public and Plaintiff's trade.  Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the services sold under the Family of Marks.  As a result of Plaintiff's expenditures and efforts, the Family of Marks have come to signify the high quality of the services designated by the marks, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

28.     The Family of Marks also are famous in geographic areas in Texas, particularly in West Texas, as a designation of source of Plaintiff's services.

**C.     Defendants' Willful Infringement of Plaintiff's Family of Marks.**

29.     Defendant Sergio Arias and his wife, Defendant Chacon, are Midland-based restauranteurs who have sought success in the West Texas restaurant business for years.  On information and belief, Sergio Arias once co-owned two Midland restaurants with business partners, but is no longer a member of those LLCs.  On his own, he eventually opened sports bars

in Midland and Lubbock and another restaurant in Midland.  In 2022, Sergio Arias registered two more entities with the Texas Secretary of State, but those ideas have yet to come to fruition as operating businesses.

30.     Perhaps impatient to make a profit, Defendants decided to open yet another restaurant.  Rather than bear the risk of building an original brand from the ground up, Defendants chose to simply impersonate Plaintiff's already-popular CERVECERIA 19 bar and restaurants. Because of Plaintiff's previous success in nearby Juarez and throughout Mexico, Defendants sought to pass off their latest venture as a new Midland location of Plaintiff's popular chain.  Thus began Defendants' efforts to launch an infringing "Cerveceria 19" bar and restaurant in Midland, Texas.

31.     When Defendants launched their newly-created Facebook page entitled "Cerveceria 19" with a "coming soon" to Midland, excited consumers immediately and confusedly associated the page with Plaintiff's Juarez and Chihuahua locations, commenting:



32.     Shortly thereafter, Defendant Sergio Arias formed Defendant-entity Cerveceria 19 LLC on March 2, 2022, to operate the infringing business (the "Infringing Restaurant").  Sergio

named himself as the managing member; on information and belief and as alleged below, Chacon also has a financial interest in and acts as an agent of the Infringing Restaurant.

33.    In anticipation of the Infringing Restaurant's opening, consumers continued to express their excitement about the perceived expansion of Plaintiff's business into Midland:



34.    In June 2022, Defendants held a grand opening for their infringing bar and restaurant.  Immediately, it was apparent that Defendants had gone to great lengths to recreate Plaintiff's original CERVECERIA 19 bar and restaurants.  Not only had they used Plaintiff's exact CERVECERIA 19 and C19 marks inside the Infringing Restaurant, but they strove to duplicate Plaintiff's unique signage and distinctive restaurant décor to pass off Defendants' new venture as a highly anticipated new location of Plaintiff's well-known establishments:

| Plaintiff's Cerveceria 19 | Infringing Restaurant |
| --- | --- |



35.     Defendants did not stop there.  The Infringing Restaurant made frequent use of #chihuahua on social media, displays "CHIHUAHUA 19" signage and uses Plaintiff's famous Mark, "EVERYTHING AT THE SAME PRICE"—all to perpetuate the knowingly false impression that it is an expansion of Plaintiff's famous chain of Cerveceria 19 restaurants founded in Chihuahua.

36.     Thus, Defendants' bad faith intent to infringe Plaintiff's Family of Marks, trade on Plaintiff's goodwill, and mislead consumers was immediately evident.

37.     Defendants also duplicated Plaintiff's description of his business on the Infringing Restaurant's Instagram page to pass off the new Midland, TX restaurant as a new location of the original restaurant chain:



38.     Defendants also directly copied Plaintiff's advertising—including the Family of Marks and distinctive branding and with the real CERVECERIA 19 chain's contact information intact—and simply pasted them on the Infringing Restaurant's Facebook and Instagram pages in a further attempt confuse consumers, engage in false advertising and to pass off their services as if they originated and were affiliated with Plaintiff's business:

| Plaintiff's Cerveceria 19 | Infringing Reposts |
|---|---|



39.     From the moment Defendants opened the Infringing Restaurant, it was built entirely

on Plaintiff's trademarks and immediately led to actual confusion of West Texas consumers who

excitedly began commenting on social media that another of Plaintiff's high-quality Cerveceria 19

locations was about to open in Midland.  Defendants' near instant success is entirely attributable

to the fame and goodwill associated with Plaintiff's Family of Marks.

**D.     Actual Customer Confusion and Harm to Plaintiff.**

40.     Defendants' efforts have successfully misled consumers to believe that the

Infringing Restaurant is associated with Plaintiff's legitimate businesses.  In one instance, the site

"Best of Midland, TX" published an article about the Infringing Restaurant but included a link to

Plaintiff's website, evidencing actual confusion and directing other consumers to believe the same. *See* Exhibit 5, *Cerveceria 19*, Best of Midland, TX, https://bestofmidlandtx.com /biz/bars/cerveceria-19/ (last accessed Oct. 19, 2023).

41.     In fact, the Infringing Restaurant became so popular that there have been multiple instances of confusion, wherein consumers have come to associate Plaintiff's original Cerveceria 19 brand with Defendants' infringing one.  For example, the Instagram account @elpasoupcoming posted about Plaintiff's new El Paso location, tagging not only legitimate Cerveceria 19 restaurants' official Instagram accounts, but also Defendants' unauthorized Instagram account that uses the infringing name "Cerveceria19tx"—again demonstrating the widespread confusion that the Infringing Restaurant is affiliated with, connected to or sponsored by Plaintiff:



42.     Defendants have unjustly profited from the willful infringement of Plaintiff's Family of Marks.  Thanks to Plaintiff's pre-existing popularity and goodwill, Defendants' illegal scheme immediately became one of the most popular, and profitable, restaurants in Midland. According the publicly available records, the Infringing Restaurant has generated revenues between $141,976 to $224,217 per month *in alcohol sales alone*.  *See* Exhibit 6 (accessed via the Texas Open Data Portal at www.data.texas.gov); *see also* Exhibit 7 Mercedes Cordero, *Midland County establishments sold over $7M of alcohol in July*, Midland Reporter Telegram (Sept. 18, 2023), *available at* https://www.mrt.com/entertainment/restaurants-bars/article/midland-county-establishments-sold-7m-alcohol-18367472.php.

43.     Defendants' actions constitute trademark infringement, false designation of origin, false advertising, unfair competition, and dilution.

44.     Upon information and belief, Defendants' acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's Family of Marks, cause confusion and deception in the marketplace, and dilute the Family of Marks.

45.     Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to his valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

**E.     Defendants' Plan to Expand Their Unlawful Empire.**

46.     On information and belief, Defendants plan to continue their unauthorized use of the Family of Marks and unlawfully capitalize on Plaintiff's goodwill by opening additional infringing locations.

47.     On August 10, 2023, Defendant Sergio Arias' wife, Defendant Chacon, formed Cerveceria 19 No. 2 LLC, listing herself as the LLC's sole and managing member.

48.     Just 19 days later, Chacon formed Cerveceria 19 No. 3 LLC on August 29, 2023. Again, Chacon listed herself as the sole and managing member of the LLC.

49.     The very next day, a Midland-based brokerage firm proudly announced on Facebook that the Infringing Restaurant would be opening a second location in Midland:



50.     As evidenced by the registration of the two new entities with "serial" numbers "2" and "3", Defendants intend to continue infringing Plaintiff's marks, diluting Plaintiff's marks with

additional locations, unfairly competing with Plaintiff, and misleading consumers with false advertising for Defendants' own financial gain.

**F.    Defendants' Bad Faith Trademark Application.**

51.    Seeking to put a stop to Defendants' conduct,  Plaintiff served Defendants with a cease and desist letter on October 10, 2023, detailing the egregious nature of their infringing and tortious acts and demanding that they cease all use of Plaintiff's marks, change or surrender their registered businesses, and provide Plaintiff an accounting of profits.  A copy of Plaintiff's letter is attached as Exhibit 8.

52.    Sometime after receiving the letter, Defendants deleted the social media pages identified in the letter.  However, defendant Angel Arias—who on information and belief lives in the same household as Defendants Sergio Arias and Chacon—also filed a new trademark application for CERVECERIA 19 after receiving the demand letter addressed to Defendants. This demonstrates Defendants have not and do not intend to cease their infringing behavior.  Rather, Defendants have merely shifted involvement to conspire with another family member in order to maintain this lucrative, infringing enterprise.

53.    On information and belief, Angel Arias made willfully false sworn statements to the USPTO in the October 18 trademark application.  As required by every applicant for a federal trademark, Angel Arias swore that, among other things, he did not know of any other persons with the right to use the mark in commerce in identical or similar form as to be likely to cause confusion, mistake or deceive.  *See* 15 U.S.C. § 1051(b); *see also* A. Arias's October 18 Trademark Application, attached as Exhibit 9.

## COUNT I
## TRADEMARK INFRINGEMENT – VIOLATION OF THE LANHAM ACT
### *(against Defendants Sergio Arias, Chacon, & Cerveceria 19 LLC)*

54.     Plaintiff re-alleges and incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

55.     Defendants' unauthorized use in commerce of Plaintiff's CERVECERIA 19 and C19 Marks as alleged herein is likely to deceive (and has already deceived) consumers as to the origin, source, sponsorship, or affiliation of Defendants' services.  Likewise, Defendants' use of Plaintiff's CERVECERIA 19 and C19 Marks is likely to cause (and has already caused) consumers to believe, contrary to fact, that Defendants' services are sold, authorized, endorsed, or sponsored by Plaintiff, or that the Infringing Restaurant is in some way affiliated with or sponsored by Plaintiff.

56.     Defendants' conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

57.     Defendants have committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the CERVECERIA 19 and C19 Marks and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

58.     Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff, and to his goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

59.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with pre-judgment and post-judgment interest.

## COUNT II
## FALSE DESIGNATION OF ORIGIN – VIOLATION OF THE LANHAM ACT
### *(against Defendants Sergio Arias, Chacon, & Cerveceria 19 LLC)*

60.    Plaintiff re-alleges and incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

61.    Defendants' unauthorized use in commerce of the Family of Marks as alleged herein is likely to deceive (and already has deceived) consumers as to the origin, source, sponsorship, or affiliation of Defendants' services, and is likely to cause (and has already caused) consumers to believe, contrary to fact, that Defendants' services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

62.    Defendants' unauthorized use in commerce of the Family of Marks as alleged herein constitutes use of a false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

63.    Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

64.    Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to his goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

65.    Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with pre-judgment and post-judgment interest.

**COUNT III**
**FALSE ADVERTISING – VIOLATION OF THE LANHAM ACT**
*(against Defendants Sergio Arias, Chacon, & Cerveceria 19 LLC)*

66.     Plaintiff re-alleges and incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

67.     Defendants' advertising in connection with the Infringing Restaurant's numerous Facebook and Instagram posts, as set forth above, constitute use in commercial advertising or promotion of false and/or misleading descriptions of fact that misrepresent the characteristics and qualities of Plaintiff's services and Defendants' services in violation of 15 U.S.C. § 1125(a). These false and/or misleading descriptions of fact actually deceived or tended to deceive a substantial number of consumers of restaurant and bar services and were material to consumers' purchasing decisions.

68.     Defendants' actions as alleged herein constitute false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

69.     Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

70.     Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to his goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

71.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs

of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with pre-judgment and post-judgment interest.

## COUNT IV
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
## UNDER TEXAS LAW
### *(against Defendants Sergio Arias, Chacon, & Cerveceria 19 LLC)*

72.     Plaintiff re-alleges and incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

73.     The Family of Marks are subject to common law trademark protection under Texas law.

74.     Consumers associate the Family of Marks with the services offered by Plaintiff.

75.     Defendants were on notice of Plaintiff's exclusive rights in the Family of Marks before they began using those Marks.  As a result, Defendants' use of those Marks for Defendants' own purpose is willful and in bad faith.

76.     Defendants' unauthorized use of the Family of Marks in connection with the sale, offering of sale, and/or marketing of Defendants' services is without Plaintiff's consent and is likely to cause confusion as to the source of origin of the services. Such acts as alleged herein constitute unfair competition and infringement of Plaintiff's common law trademark rights in the Family of Marks, and Plaintiff has been and will continue to be injured as a result.

77.     Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to his goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

78.     Plaintiff is entitled to, among other relief, injunctive relief and compensatory damages, disgorgement of profits, and punitive damages against Defendants for their various and

continuing acts of trademark infringement and unfair competition, together with pre-judgment and post-judgment interest.

**COUNT V**
**TEXAS TRADEMARK DILUTION – VIOLATION OF**
**TEX. BUS. & COM. CODE § 16.103**
***(against Defendants Sergio Arias, Chacon, & Cerveceria 19 LLC)***

79.     Plaintiff re-alleges and incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

80.     Plaintiff's Family of Marks is famous in geographic areas in Texas, specifically West Texas, because they are widely recognized by the public throughout these geographic areas as a designation of source for the services of Plaintiff.

81.     Defendants' unauthorized use of the Family of Marks is likely to, and has, injured Plaintiff's business reputation and diluted the distinct quality of the Family of Marks and the services associated with the Family of Marks in violation of Tex. Bus. & Com. Code § 16.103.

82.     By the actions described herein, Defendants have gained financial benefit for itself and has caused financial loss and damage to Plaintiff.

83.     Defendants committed the wrongful acts with knowledge of Plaintiff's Family of Marks or in bad faith.

84.     Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to his goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

85.     Plaintiff is entitled to, among other relief, injunctive relief and all profits derived from or damages resulting from the wrongful acts, trebled under Tex. Bus. & Com. Code § 16.104,

plus an award of reasonable attorney's fees under that provision, together with prejudgment and post-judgment interest.

## COUNT VI
## UNJUST ENRICHMENT
### *(against Defendants Sergio Arias, Chacon, & Cerveceria 19 LLC)*

86.     Plaintiff re-alleges and incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

87.     In the alternative to Counts I–V, Plaintiff pleads for recovery under the doctrine of unjust enrichment.

88.     Through substantial investment, Plaintiff created a successful chain of bar and restaurants and acquired rights in the Family of Marks.

89.     Defendants have been unjustly enriched through the receipt of monies resulting from their unlawful use of the Family of Marks in connection with restaurant services, as described in the preceding paragraphs.

90.     Defendants' receipt of monies came, and continues to come, through their own, active efforts in adopting and using the Family of Marks in connection with restaurant services to the detriment of Plaintiff's rights in and to the Family of Marks.

91.     Defendants profiting through use of the Family of Marks is knowing and intentional and continues to occur notwithstanding actual and constructive notice to them of Plaintiff's rights to the Family of Marks.

92.     By reason of the foregoing, Defendants have unjustly enriched themselves in an unknown amount, which has caused Plaintiff to suffer damages for which Plaintiff requests equitable relief in the form of disgorgement of all monies received by Defendants resulting from the sale of goods and services using the Family of Marks.

## COUNT VII
## CIVIL CONSPIRACY
### *(against all defendants)*

93.     Plaintiff re-alleges and incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

94.     Defendants knowingly entered into a conspiracy to infringe Plaintiff's marks, unfairly compete with Plaintiff, dilute the value of Plaintiff's Family of Marks, and deceive consumers by leading consumers to believe that the Infringing Restaurant and new trade names for additional infringing locations (Cerveceria 19 No. 2 and No. 3) are associated or affiliated with Plaintiff's business.

95.     Defendants Sergio Arias, Chacon, and Cerveceria 19 LLC knowingly conspired with defendant Angel Arias to continue this infringing and tortious conduct with constructive and actual knowledge of Plaintiff's ownership interest in the Family of Marks.

96.     Upon information and belief, this conspiracy was carried out with the purpose of allowing Defendants to trade off of and financially benefit from Plaintiff's goodwill, reputation, and intellectual property.

97.     In furtherance of the conspiracy, each defendant has each committed unlawful, overt acts, with the specific intent to harm Plaintiff, as described herein.

98.     As a direct and proximate result of the conspiracy, Plaintiff has been harmed, including but not limited to damages from infringement, dilution, and unfair competition.

**DEMAND FOR JURY TRIAL**

99.     Plaintiff demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues, including all claims, counterclaims, and cross-claims.

**REQUEST FOR RELIEF**

WHEREFORE, in consideration of the foregoing, Plaintiff respectfully requests that the Court enter judgment against all defendants as follows:

a.     That the Court enter judgment finding that Defendants have infringed Plaintiff's registered trademark in violation of 15 U.S.C. § 1114;

b.     That the Court enter judgment finding that defendant Angel Arias is not entitled to registration of Plaintiff's CERVECERIA 19 Mark and directing the USPTO accordingly pursuant to 15 U.S.C. § 1119;

c.     That the Court order defendant Angel Arias to expressly abandon U.S. Application Serial No. 98/229,013;

d.     That the Court enter judgment finding that Defendants' actions constitute unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a);

e.     That the Court enter judgment finding that Defendants' actions constitute false advertising in violation of 15 U.S.C. § 1125(a);

f.     That the Court enter judgment finding that Defendants' conduct constitutes trademark infringement and unfair competition in violation of Texas common law;

g.     That the Court enter judgment finding that Defendants' conduct constitutes trademark dilution in violation of Tex. Bus. & Com. Code § 16.103;

h.     That the Court issue temporary and permanent injunctive relief against Defendants and that Defendants, their officers, agents, representatives, employees, attorneys, successors, assigns, affiliates and any persons in active concert or participation of any of them, be enjoined and restrained from:

    i.     Infringing Plaintiff's Family of Marks; and

    ii.     Registering, using, or trafficking in any trademarks, service marks, trade names, domain names or social media accounts that are identical or confusingly similar to Plaintiff's Family of Marks;

i. That the Court order Defendants to surrender or change all entity and business names under their control that contain or are confusingly similar to Plaintiff's Family of Marks;

j. That the Court order Defendants to file with the Court and serve on Plaintiff within thirty days after issuance of an injunction a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction, pursuant to 15 U.S.C. § 1116;

k. That the Court order Defendants to account to Plaintiff for, and disgorge to Plaintiff, all profits they have derived as a result of the unlawful acts complained of above;

l. That the Court award Plaintiff actual damages, trebled under 15 U.S.C. § 1117, in an amount to be proved at trial;

m. That the Court award Plaintiff all profits derived from or damages resulting from the wrongful acts, trebled under Tex. Bus. & Com. Code § 16.104, plus an award of reasonable attorney's fees under that provision;

n. That the Court award Plaintiff punitive damages;

o. That the Court find this case to be exceptional and award Plaintiff his attorneys' fees pursuant to 15 U.S.C. § 1117;

p. That the Court award Plaintiff his costs in this action; and

q. That the Court award Plaintiff such other and further relief as the Court may deem just.

Respectfully submitted,

 /s/ *Shannon Zmud Teicher*
Shannon Zmud Teicher
State Bar No. 24047169
steicher@jw.com
Hannah E. Walsh
State Bar No. 24088144
hwalsh@jw.com
**JACKSON WALKER L.L.P.**
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
(214) 953-6000 – Telephone


Wasif H. Qureshi
State Bar No. 24048155
wqureshi@jw.com
**JACKSON WALKER L.L.P.**
1401 McKinney Street, Suite 1900
Houston, Texas 77010
(713) 452-4521 – Telephone

**ATTORNEYS FOR PLAINTIFF
ERNESTO EDEL AGUILAR
SANDOVAL**